### DANIEL H. GREGORY *v.* MARY TRAINOR.

Under the former system of pleading, a special plea admitted the matters contained in the declaration, and the rule still applies to pleadings under the Code.

The provision, that allegations in the complaint not denied in the answer must be deemed admitted, applies to the district courts.

Accordingly, where the complaint in a district court was for damages to the plaintiff's property, and the defendant answered by simply averring a set off; *held*, error to order a nonsuit, no evidence having been offered by either party.

APPEAL from the Sixth District Court. The questions involved arose upon the pleadings, which are sufficiently set forth in the opinion.

*Robert Livingston* and *John D. Sherwood*, for the plaintiff.

*John Molony*, for the defendant.

BY THE COURT. INGRAHAM, FIRST J.—The complaint in this case was for damages to the plaintiff's property, amounting to $130.

The defendant's answer was a set off, but what the set off was, or what the amount of it was, does not appear.

Neither party offered any testimony, and the justice non-suited the plaintiff.

Under the former system of pleading, a special plea always admitted the matters contained in the declaration, and the rule is still applicable to pleadings under the Code.

The plaintiff claimed to recover damages for his property, which claim was not denied by the defendant, but the latter relied in his answer on a set off. The effect of these pleadings was to admit the facts alleged by the plaintiff, and leave to the defendant the proof of his set off. For want of such proof, the justice should have rendered judgment against the defendant.

The judgment rendered in this case by the justice cannot be sustained.

Judgment reversed.